**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:25-cv-03408-DDD-NRN

HUDSON EXCESS INSURANCE COMPANY,

Plaintiff & Counterclaim Defendant,

v.

GCON CO.,
GEROLD ALLAN PULCZINSKI a/k/a JERRY ALLAN PULCZINSKI,

Defendants & Counterclaim Plaintiffs,

and

AMACON CONSTRUCTION, LLC,

Defendant.

---

## FIRST AMENDED COUNTERCLAIMS OF GCON & PULCZINSKI

~~COUNTERCLAIMS OF GCON & PULCZINSKI~~

Formatted: Underline
Formatted: No Spacing, Line spacing: Double
Formatted: Font: Not Bold, No underline
Formatted: Normal, Left, Line spacing: single

Defendants GCon and Pulczinski, through counsel, respectfully submit their First Amended Counterclaims against Plaintiff Hudson Insurance ("Hudson"), as follows:

**Parties, Venue, and Jurisdiction**

1. Counterclaim Plaintiff GCon is a Colorado corporation with its principal place of business in Colorado.
2. Counterclaim Plaintiff Pulczinski is the President of GCon, and is domiciled in Colorado.
3. Counterclaim Defendant Hudson is a Delaware corporation with its principal place of business in New York.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Hudson and Counterclaim Plaintiffs GCon and Pulczinski, and because the amount in controversy exceeds $75,000, exclusive of costs and interest, as allowed under F.R.C.P. 7.
5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3) because Counterclaim Plaintiffs are residents of this District.

**Construction Dispute**

6. Amacon Construction, LLC ("Amacon") was the general contractor for a 2-tower, 461-unit condominium construction project in downtown Denver ("the construction project"), which is currently being sold as the "Upton Residences."
7. Amacon hired GCon as the concrete subcontractor for the construction project.
8. For GCon's work on the construction project, the subcontract agreement between Amacon and GCon required GCon to submit a "certificate of substantial completion" to Amacon after it completed each scope-based portion of work. (Exhibit 3) (excerpts of subcontractor agreement).
9. After GCon submitted each scope-based portion of completed work, Amacon was required to pay GCon for that completed work. (Exhibit 4) (Declaration of Completion).
10. But Amacon continually short-paid GCon, and owes GCon about $3.1 million in unpaid work.
11. After GCon demanded payment, Amacon filed an Underlying Action against GCon and Pulczinski on August 15, 2025 alleging construction defect and loss of use—i.e., loss of sales of the condominiums. (ECF 1-1, Underlying Amended Complaint, ¶¶138, 156).

12. When Amacon alleged construction defect against GCon, GCon's work was complete as defined by the Policy, even if it needed service, maintenance, correction, repair, replacement, or punch list items.

13. On December 31, 2025, Amacon issued a CDARA notice to GCon, alleging the construction project "suffers from the following construction and design defects and deficiencies of GCon's completed work that has been put to its intended use, including unfinished punch list items…" (Exhibit 1) (CDARA Notice).

14. On February 10, 2026, Amacon issued an Amended CDARA notice to GCon, alleging the construction project suffers from the following construction and design defects and deficiencies of GCon's completed work that has been put to its intended use, including unfinished punch list items…" (Exhibit 2) (Amended CDARA Notice).

15. West + Main Homes are the sales agents for the Upton Residences.

16. Sales of the Upton Residences began ~~in~~ around 2024 (Exhibit 5), which is before Amacon alleged construction defect against GCon in 2025.

17. At least one of the intended purposes of the construction project was to sell the condominiums.

~~17.~~18. Amacon has now filed an Arbitration Demand against GCon, which alleges negligence, construction defect, and "other issues," with alleged damages of "Not less than $5,000,000," which is substantially in excess of Hudson's policy limit.

**Insurance: Policy Overview**

~~18.~~19. Hudson issued a Commercial General Liability policy to Amacon Development (Broadway), LLC under policy number HCG 1000585 01 for a policy period of February 1, 2022 to February 1, 2026 ("the Policy").

~~19.~~20. The Policy's Insuring Agreement covers "property damage" caused by an "occurrence" that takes place at the project listed in the "Schedule of Projects." (ECF 1-2, p.47, ¶B.1).

~~20.~~21. The "Schedule of Projects" lists "Block 176," which is the construction project. (ECF 1-2, p.47).

~~21.~~22. "Property damage" means:

> a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
> b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

(ECF 1-2, p.33, ¶17.a-b).

**Insurance: Who Is An Insured**

~~22.~~23. Amacon Development (Broadway), LLC is the Named Insured on the Policy's Declarations page. (ECF 1-2, p.2).

~~23.~~24. The Policy contains a Designated Wrap-Up Endorsement which states, in part, that the Named Insured section of the Declarations is amended to include all "enrolled contractors" with respect to Coverage A – Bodily Injury and Property Damage Liability. (ECF 1-2, p.47).

~~24.~~25. GCon is an enrolled contractor.

~~25.~~26. Thus, GCon is a Named Insured under the Policy.

~~26.~~27. Under the Policy, "you" means the Named Insured shown on the Declarations and any other person or organization qualifying as a Named Insured under the Policy. (ECF 1-1, p.19).

~~27.~~28. Under Section II – Who Is An Insured, the Policy contains the following provision:

> 1. If you are designated in the Declarations as:
>
>    a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.
>
>    b. A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.
>
>    c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.
>
>    d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.
>
>    e. A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.

(ECF 1-2, p.27, Section II, ¶1.a-e).

~~28.~~29. Since GCon Co. is a corporation, its "executive officers" and directors are "insureds," but only with respect to their duties as GCon's officers or directors. (ECF 1-2, p.27, Section II, ¶1.d).

~~29.~~30. Pulczinski is the President of GCon.

~~30.~~31. Thus, Pulczinski is an Insured under the Policy.

~~31.~~32. Hudson issued a reservation of rights letter to GCon and Pulczinski on October 7, 2025. (ECF 1-3).

~~32.~~33. In Hudson's reservation of rights letter, Hudson asserts that Pulczinski is an Insured, and not a Named Insured. (ECF 1-3, p.5).

~~33.~~34. Specifically, Hudson's reservation of rights letter states:

> Pulczinski is not a named insured under the Policy and not an enrolled contractor. However, Pulczinski is an insured only with respect to its duties as the president of GCon.

(ECF 1-3, p.5).

~~34.~~35. Despite this, in Hudson's declaratory action, Hudson initially allege~~ds~~ it has no duty to defend or indemnify Pulczinski by unreasonably and incorrectly alleging he ~~is~~ was a Named Insured. (ECF 1, ¶¶58 & 63).

**<u>Insurance: Duty To Defend Provisions</u>**

~~35.~~36. Hudson has the "right and duty to defend" an insured against any suit seeking damages because of "property damage" to which its policy applies. (ECF 1-2, p.19, ¶1.a).

~~36.~~37. However, Hudson's policy must conform to Colorado law.

~~37.~~38. Under Colorado law, Hudson must provide a defense if there "might" be coverage, if there is "some doubt" about coverage, or if coverage is "arguable" under *Hecla Mining Co. v. New Hampshire Ins. Co.*, 811 P.2d 1083, 1089 (Colo. 1991).

~~38.~~39. Under Colorado law, Hudson must also provide a defense when a construction defect lawsuit is filed against an insured, or when a CDARA notice is issued to an insured under C.R.S. § 13-20-808(7)(a)(I).

~~39.~~40. Hudson therefore has a duty to defend GCon and Pulczinski in the Underlying Action and the Arbitration.

~~40.~~41. Despite this, Hudson filed a declaratory action alleging it does not have a duty to defend GCon and Pulczinski.

**Insurance: Ongoing Operations**

~~41.~~42. The Policy provides a $2 million "each occurrence" limit under its Ongoing Operations coverage. (ECF 1-2, p.18).

~~42.~~43. This Ongoing Operations coverage was added to the Policy under Paragraph E of the Designated Wrap-Up Endorsement. (ECF 1-2, p.48, ¶E).

~~43.~~44. Specifically, Paragraph E of the Designated Wrap-Up Endorsement states:

> E. Exclusions **k.** and **l.** are deleted in their entirety from **SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY 2. Exclusions**.

(ECF 1-2, p.48, ¶E).

~~44.~~45. This means the Designated Wrap-Up Endorsement deletes Exclusion K, so the Policy **restores** coverage for:

> "Property damage" to "your work" arising out of it or any part of it.

(ECF 1-2, p.48, ¶E & p.23, ¶K).

~~45.~~46. Hudson has a duty to defend and indemnify GCon and Pulczinski under its Ongoing Operations coverage in the Underlying Action and the Arbitration.

~~46.~~47. Hudson may also have a duty to defend and indemnify GCon and Pulczinski under additional coverages provided in the policy, or if provisions in the Policy conflict, resulting in an ambiguity, which requires coverage.

**Insurance: Completed Operations Coverage**

~~47.~~ The Policy provides a $2 million aggregate limit under the products-completed operations hazard (hereinafter referred to as "Completed Operations"). (ECF 1-2, p.18).

48. "Completed Operations" includes all "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

> (1) products that are still in your physical possession; or
>
> (2) work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:
>
>> (a) When all of the work called for in your contract has been completed.
>>
>> (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.
>>
>> (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.
>>
>> Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

(ECF 1-2, p.33, ¶16).

49. Hudson has a duty to defend and indemnify GCon and Pulczinski under its Completed Operations coverage in the Underlying Action and the Arbitration.

50. Hudson may also have a duty to defend and indemnify GCon and Pulczinski under additional coverages provided in the policy, or if provisions in the Policy conflict, resulting in an ambiguity, which requires coverage.

51. Despite this, Hudson filed a declaratory action alleging it does not have a duty to defend or indemnify GCon and Pulczinski.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract)**

52. Counterclaim Plaintiffs GCon and Pulczinski incorporate the above allegations as if fully set forth herein.

53. Under the Policy, Hudson agreed to insure GCon and Pulczinski.

54. Hudson has breached the contract of insurance by claiming it has no duty to defend and indemnify GCon and Pulczinski, by refusing to pay certain defense fees incurred by GCon and Pulczinski, and by seeking reimbursement of its defense fees.

55. By breaching the contract of insurance, Hudson is precluded from holding GCon and Pulczinski to any of the terms of the contract of insurance, has waived any such terms, or is estopped from applying such terms to GCon and Pulczinski.

56. Hudson's breach of the contract of insurance has proximately caused damages to GCon and Pulczinski.

WHEREFORE, Counterclaim Plaintiffs pray for relief as set forth in the Prayer for Relief below.

**SECOND CLAIM FOR RELIEF**
**(Statutory Bad Faith)**

57. Counterclaim Plaintiffs GCon and Pulczinski incorporate the above allegations as if fully set forth herein.

58. Pursuant to C.R.S. § 10-3-1115(1)(a), Hudson owed a statutory duty of good faith to GCon and Pulczinski to not unreasonably delay or deny payment of insurance benefits on behalf of a first-party claimant.

59. Pursuant to C.R.S. § 10-3-1115(1)(b)(i), GCon and Pulczinski are first-party claimants.

60. Hudson breached its statutory duty of good faith to GCon and Pulczinski, including, but not limited to, the following unreasonable acts and omissions:

   a. Unreasonably denying coverage;

   b. Unreasonably seeking to abandon GCon and Pulczinski by seeking a declaration that it has no duty to defend them, by refusing to pay certain defense fees incurred, and by requesting reimbursement of its defense fees, including seeking such declaration before the Underlying Action has concluded.

61. Pursuant to C.R.S. § 10-3-1113(4), willful violations of Colorado's Unfair Claims Act constitute evidence of the breach of the duty of good faith.

62. Hudson has willfully breached the following provisions of Colorado's Unfair Claims Act, including, but not limited to the following:

   a. Compelling Counterclaim Plaintiffs to file these claims to recover insurance benefits under the Policy, C.R.S. § 10-3-1104(1)(h)(VII);

   ~~a.~~b. Failing to acknowledge and act reasonably promptly upon communications with respect to claims, C.R.S. § 10-3-1104(1)(h)(II);

   ~~b.~~c. Misrepresenting insurance policy provisions. C.R.S. § 10-3-1104(1)(h)(I). Such misrepresentations include, but are not limited to:

      i. Asserting on October 7, 2025 that Pulczinski is an Insured and not a Named Insured, but then filing suit against Pulczinski on October 28, 2025, alleging it has no duty to defend or indemnify Pulczinski by contending he is a Named Insured, and then reversing this unreasonable position only after Pulczinski was forced to incur attorney's fees and costs in filing counterclaims against Hudson;

ii. Asserting it is entitled to reimbursement of its defense fees for Pulczinski even though it has a duty to defend and indemnify Pulczinski;

iii. Asserting it has no duty to defend or indemnify GCon and Pulczinski even though its Ongoing Operations coverage and its Completed Operations coverage provides a duty to defend and indemnify them;

~~iii.~~iv. Refusing to pay certain defense fees incurred by GCon and Pulczinski by unreasonably failing to acknowledge and promptly respond to such request for payment.~~.~~

63. Pursuant to C.R.S. § 10-3-1116(1), Hudson's unreasonable delay and denial of insurance benefits entitle GCon and Pulczinski to an award of statutory double-damages, or statutory double-damages for each instance of unreasonable conduct, plus attorney's fees and costs.

WHEREFORE, Counterclaim Plaintiffs pray for relief as set forth in the Prayer for Relief below.

**THIRD CLAIM FOR RELIEF**
**(Common Law Bad Faith)**

64. Counterclaim Plaintiffs GCon and Pulczinski incorporate the above allegations as if fully set forth herein.

65. Hudson owed a common law duty of good faith and fair dealing to GCon and Pulczinski.

66. As outlined above, Hudson breached its duty of good faith.

67. Hudson's breach of its duty of good faith has proximately caused damages to GCon and Pulczinski, including, but not limited to, non-economic damages incurred by Pulczinski for emotional distress.

WHEREFORE, Counterclaim Plaintiffs pray for relief as set forth in the Prayer for Relief below.

**PRAYER FOR RELIEF**

WHEREFORE, Counterclaim Plaintiffs GCon and Pulczinski pray that this Court enter judgment in their favor and against Counterclaim Defendant Hudson, and that they be awarded the following:

a. Insurance benefits under the Policy;

b. Compensatory damages for economic and non-economic damages;

c. Statutory double-damages, attorney's fees, and costs;

d. Pre-judgment and post-judgment interest; and

e. Any other relief the Court deems just.

COUNTERCLAIM PLAINTIFFS DEMAND A TRIAL BY A JURY OF SIX.

Dated this ** day of ***, 2026.

By: */s/ Michelle B. Cortes*
Robert M. Baldwin, Esq.
Michelle B. Cortes, Esq.
of Baldwin Law, LLC
66 W. Springer Drive, Suite 306
Highlands Ranch, Colorado 80129
Phone: (303) 736-8846
Email: Rob@RobBaldwin.law;
Michelle@RobBaldwin.law

Counsel for Defendants GCon and Pulczinski